Gregory G. Barnett, Esq.
Martin F. Casey, Esq.
**CASEY & BARNETT LLC**
41 Madison Avenue, Suite 2528
New York, New York 10010
(212) 286-0225
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA a/s/o DEL MONTE INTERNATIONAL
GMBH - SWITZERLAND; THROUGH TRANSPORT
MUTUAL SERVICES (UK) LTD a/s/o FRESH DEL
MONTE PRODUCE, INC.                                              15 Civ.

          Plaintiffs,                                        **COMPLAINT**

      - against -

M/V STAR LEADER, her engines, boilers,
tackle, furniture, apparel, etc., *in rem*;

          Defendants.
-----------------------------------------------------------------X

      Plaintiffs, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o DEL MONTE INTERNATIONAL GMBH - SWITZERLAND and THROUGH TRANSPORT MUTUAL SERVICES (UK) LTD a/s/o FRESH DEL MONTE PRODUCE, INC. by and through its attorneys, CASEY & BARNETT, LLC, as and for their Complaint in a cause of action both civil and maritime, respectfully allege upon information and belief:

### JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## PARTIES

2.      At all material times, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "IINA") was and is a corporation with an office and place of business located at 10 Exchange Place, Jersey City, New Jersey 07302, and is the subrogated underwriter of the consignment of bananas and pineapples laden on board the M/V STAR LEADER, as more specifically described below.

3.      At all material times, THROUGH TRANSPORT MUTUAL SERVICES (UK) LTD (hereinafter "TT CLUB") was and is a corporation with an office and place of business located at 90 Fenchurch Street, London EC3M 4ST and is the subrogated underwriter of the containers that were loaded on deck of the M/V STAR LEADER, as more specifically described below.

4.      At all material times, DEL MONTE INTERNATIONAL GMBH - SWITZERLAND (hereinafter "DMI" or together with FDM "DELMONTE") was and is a corporation organized and existing by virtue of the law of a state or country other than New York with an office and place of business located at 241 Sevilla Avenue, Coral Gables, Florida 33134. DEL MONTE INTERNATIONAL GMBH - SWITZERLAND was and is engaged, *inter alia*, in the importation, distribution and sale of fresh fruit, including bananas and pineapples into Europe, including Spain and Belgium and was the owner and or successor in title to a cargo of bananas and pineapples onboard the M/V STAR LEADER in January 2014.

5.      At all material times, FRESH DEL MONTE PRODUCE INC. (hereinafter "FDM" or together with DMI "DEL MONTE") was and is a corporation organized and existing by virtue of the law of a state or country other than New York with an office and place of business located at 241 Sevilla Avenue, Coral Gables, Florida 33134, and was the owner and/or lessee of certain refrigerated containers that were laden on board the M/V STAR LEADER.

6.   At all material times, the M/V STAR LEADER was and is an oceangoing reefer vessel built in 2010, that is flagged in the Singapore, has the call sign 9V9350, which engages in the common carriage of merchandise by water for hire between various foreign and domestic ports and which is now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

7.   This action is brought on behalf of and for the interest of all parties who may be or may become interested in the claims herein referred to, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

## FACTS

10.   On or about September 25, 2009 STAR entered into a time charter with Network Shipping Ltd. for the M/V STAR LEADER.  The vessel was chartered, among other things, to transport Del Monte bananas and pineapples in containers on deck from Central America to various ports in Europe, including Marin, Spain and Antwerp, Belgium.

11.   On or about January 23, 2014, DEL MONTE and/or their representatives delivered to the the M/V STAR LEADER, at the port of Moin, Costa Rica, a shipment of fresh green bananas and pineapples.  A portion of the fruit was loaded under deck while other fruit was loaded into refrigerated containers and stowed on-deck of the M/V STAR LEADER.  The bananas, pineapples and containers were owned by and/or consigned and/or leased to DEL MONTE, and were in good order and condition at the time they were delivered to the M/V STAR LEADER. The transportation was all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading, which were then and there signed and delivered to the shipper of the cargo by the duly authorized agent, representative and/or employee of the Master and the M/V STAR LEADER.

3

12. Plaintiffs refer to said bills of lading for greater certainty as to the contracts of carriage which they represent and will produce the originals or copies thereof at trial.

13. On or about February 4, 2014 the vessel arrived in Marin, Spain and discharged her cargo. The vessel then departed from Spain at about February 4, 2014 at 1840 hours destination Antwerp, Belgium.

14. Upon departing Spain, the Vessel encountered a storm and on February 5, 2014, while the vessel was in transit heading along the Portuguese coast towards Cap Finisterre, the vessel reported that a total of 15 (fifteen) containers fell overboard into the sea and were lost and at least one additional container toppled over on deck and broke open and damaged.

15. The vessel arrived in Antwerp on February 7, 2014.

16. As a result of the damage to the fruit that was in the containers that were lost overboard and/or collapsed on deck, DELMONTE was damaged in the form of lost sales and containers. In addition, DELMONTE incurred the expense of cleaning, storing and disposing of the damaged containers that were still on deck.

17. The losses sustained by DELMONTE were not the result of any act or omission of DELMONTE but, on the contrary, was due as the result of the unseaworthiness of the M/V STAR LEADER which was discoverable by the exercise of due diligence.

18. At all times relevant hereto, a contract of insurance for property damage was in effect between DMI and IINA, which provided coverage for, among other things, loss or damage to the consignment of bananas and pineapples.

19. Pursuant to the aforementioned contract of insurance between DMI and IINA, monies have been expended on behalf of DMI to the detriment of IINA due to the damages sustained during transit.

20.     As IINA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, IINA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

21.     By reason of the foregoing, IINA has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $296,208.35.

22.     At all times relevant hereto, a contract of insurance for property damage was in effect between FDM and TT Club, which provided coverage for, among other things, loss or damage to the refrigerated containers.

23.     Pursuant to the aforementioned contract of insurance between FDM and TT Club, monies have been expended on behalf of FDM to the detriment of the TT Club due to the damages sustained during transit.

24.     As the TT Club has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, TT Club has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

25.     By reason of the foregoing, TT Club has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $338,234.29.

26.     Plaintiffs have a maritime lien against the M/V STAR LEADER for the damages referred to herein and will enforce that lien in these proceedings.

27.     The loss of the aforementioned cargo of bananas and refrigerated containers did not result from any act or omission on the part of the plaintiffs, but to the contrary, was the result in whole or in part of the unseaworthiness of the M/V STAR LEADER.

28.     By reason of the foregoing, plaintiffs have sustained damages in the total amount of $634,452.64 plus expenses, no part of which has been paid, although duly demanded.

**WHEREFORE**, Plaintiffs pray:

1.      That process in due form of law issue against the defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

2.      That if the defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment to secure plaintiffs' claims;

3.      That *in rem* service of process be issued against the M/V STAR LEADER, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

4.      The Court order, adjudge and decree that defendant pay to plaintiffs the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
June 15, 2015
115-1308

By: *[signature]*

CASEY & BARNETT LLP
Attorneys for Plaintiffs

Gregory G. Barnett.
Martin F. Casey
41 Madison Avenue, Suite 2528
New York, New York 10010
(212) 286-0225

7